1  Clarissa A. Kang, No. 210660
   Angel L. Garrett, No. 255682
2  TRUCKER ✦ HUSS
   A Professional Corporation
3  135 Main Street, 9th Floor
   San Francisco, CA  94105
4  Telephone:    (415) 788-3111
   Facsimile:    (415) 421-2017
5  E-mail:       ckang@truckerhuss.com
                 agarrett@truckerhuss.com
6
   Brian D. Murray, No. 294100
7  TRUCKER ✦ HUSS
   A Professional Corporation
8  15760 Ventura Boulevard, Suite 910
   Encino, CA  91436
9  Telephone:    (213) 537-1060
   Facsimile:    (213) 537-1020
10 E-mail:       bmurray@truckerhuss.com

11 Attorneys for Defendant
   KAISER PERMANENTE EMPLOYEES
12 PENSION PLAN FOR THE PERMANENTE
   MEDICAL GROUP, INC. AND KAISER
13 FOUNDATION HEALTH PLAN, INC.

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17
   SHERRY YALI LIU,                      Case No. 23-cv-03109-AMO
18
                        Plaintiff,       **DEFENDANTS' NOTICE OF MOTION**
19                                       **AND MOTION TO DISMISS PLAINTIFF'S**
           vs.                           **FIRST AMENDED COMPLAINT;**
20                                       **MEMORANDUM OF POINTS AND**
   KAISER PERMANENTE EMPLOYEES           **AUTHORITIES IN SUPPORT THEREOF**
21 PENSION PLAN FOR THE PERMANENTE
   MEDICAL GROUP, INC.,
22                                       Date:   March 7, 2024
                        Defendant.       Time:   2:00 p.m.
23                                       Dept:   Courtroom 10
                                         Judge:  Hon. Araceli Martínez-Olguín
24

25

26

27

28

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT;
Case No: 23-cv-03109-AMO
7232781

1

TABLE OF CONTENTS

2   I.      INTRODUCTION .................................................................................................... 2

3   II.     STATEMENT OF ISSUES TO BE DECIDED (CIVIL LOCAL RULE 7-4(a)(3)) .............. 4

4   III.    STATEMENT OF RELEVANT FACTS .................................................................... 4

5           A.      Background ................................................................................................ 5

6           B.      Plaintiff's Benefits Claim and Appeal. .................................................... 5

7           C.      Plaintiff's Claim for Relief. ..................................................................... 6

8           D.      Relevant Plan Terms. ............................................................................... 7

9                   (i)      Benefits Payable Under The Plan When A Participant Dies Before
10                           Completing The Benefit Election Process. .................................... 7

11                  (ii)     Benefits Payable When Participant Dies After Completing the Benefit
12                           Election Process. ........................................................................... 9

13  IV.     LEGAL STANDARD FOR DISMISSAL .................................................................. 10

14  V.      ARGUMENT ....................................................................................................... 11

15          A.      Plaintiff Fails To State A Claim For Benefits Under ERISA § 502(a)(1)(B) Because
                    She Is Not Entitled To Benefits Under The Plan Terms. ......................... 11

16                  (i)      Plaintiff Is Not Entitled To Benefits Because She Was Not Ya-Xia's
17                           Surviving Spouse, Domestic Partner, Or Qualified Dependent Under The
18                           Plan. ............................................................................................. 11

19                  (ii)     Plaintiff Is Not Entitled To Benefits Because Ya-Xia Did Not Make A
                             Valid Benefit Election To Select A Benefit Starting Date And To
20                           Designate Plaintiff As Her Beneficiary. ...................................... 14

21          B.      Plaintiff Fails To State A Claim For Breach Of Fiduciary Duty Under ERISA §
22                  502(a)(3) Because Her Claim Is Duplicative Of Her Claim For Benefits Under ERISA
                    § 502(a)(1)(B), And Because No Breach Occurred. ................................. 16

23          C.      Plaintiff's Is Not Entitled to Reformation Or Surcharge. ...................... 18

24  VI.     CONCLUSION ..................................................................................................... 19

25

26

27

28

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT;
Case No: 23-cv-03109-AMO
7232781

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 10, 18

5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 10, 18

6

7

*Chappel v. Lab. Corp. of Am.*,
   232 F.3d 719 (9th Cir. 2000) ........................................................................................... 16

8

*Cousins v. Lockyer*,
   568 F.3d 1063 (9th Cir. 2009) ......................................................................................... 10

9

10

*Fortier v. Anthem, Inc.*,
   No. 220CV04952MCSMAA, 2020 WL 7639583 (C.D. Cal. Dec. 11, 2020) ...................... 16

11

*Gabriel v. Alaska Elec. Pension Fund*,
   773 F.3d 945 (9th Cir. 2014) ....................................................................................... 18, 19

12

*Haseeb v. Colvin*,
   No. 15 03931, 2015 WL 9258086 (N.D. Cal. Dec. 18, 2015)............................................. 11

13

14

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) .................................................................................... 4, 6, 11

15

*Leung v. Skidmore, Owings & Merrill*,
   213 F. Supp. 2d 1098 (N.D. Cal. 2002)............................................................................. 15

16

17

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ........................................................................................... 11

18

*Mollett v. Netflix, Inc.*,
   795 F.3d 1062 (9th Cir. 2015) ......................................................................................... 10

19

20

*Moyle v. Liberty Mut. Ret. Benefit Plan*,
   823 F.3d 948 (9th Cir. 2016) ....................................................................................... 16, 17

21

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ........................................................................................................ 10

22

23

*Schuman v. Microchip Tech. Inc.*,
   302 F. Supp. 3d 1101 (N.D. Cal. 2018)............................................................................. 16

24

*Sidlo v. Kaiser Permanente Ins. Co.*,
   221 F. Supp. 3d 1183 (D. Haw. 2016).............................................................................. 16

25

26

*Skinner v. Northrop Grumman Ret. Plan B*,
   673 F.3d 1162 (9th Cir. 2012) ......................................................................................... 18

27

28

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT;
Case No: 23-cv-03109-AMO
7232781

*Sliwinski v. Aetna Life Ins. Co.*,
    No. 17-CV-01528-RM-MEH, 2018 WL 4697310 (D. Colo. Mar. 2, 2018) ........................... 16

**Statutes**

26 U.S.C. § 401(a)(9) ................................................................................................ 6, 9, 12, 13

26 U.S.C. § 401(a)(9)(E) ................................................................................................. 3, 7, 17

26 U.S.C. § 401(a)(9)(E)(ii) ................................................................................ 2, 6, 12, 13, 18

26 U.S.C. § 401(a)(9)(H) ............................................................................................................ 13

26 U.S.C. § 402(c)(8)(B) ........................................................................................................... 13

26 U.S.C. § 409(a)(9)(E) .............................................................................................................. 7

ERISA § 404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D) ................................................................... 17

ERISA §§ 502(a)(1) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1) and 1132(a)(3) ............................. 2

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) .............................................. 2, 3, 4, 11, 15, 16, 17

ERISA §§ 502(a)(1)(B) and (3), 29 U.S.C. § 1132(a)(1)(B) and (3) ............................. 3, 6, 16, 17

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ...................................................... 3, 4, 16, 17, 19

Internal Revenue Code § 401(a)(9)(E)(ii), 26 U.S.C. § 401(a)(9)(E)(ii) .......................................... 2

**Rules**

Fed R. Civ. P. 12(b)(6) ............................................................................................................. 10

Local Rule 7-4(a)(3) ..................................................................................................................... 4

**Regulations**

Treasury Regulation section 1.401(a)(9)-2 through section 1.401(a)(9)-9 .................................. 13

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

## NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

PLEASE TAKE NOTICE that on March 7, 2024 at 2:00 p.m., or as soon thereafter as this matter may be heard in the United States District Court for the Northern District of California, located at San Francisco Courthouse, Courtroom 10, 15th Floor, 450 Golden Ave., San Francisco, California 94102, Defendants Kaiser Permanente Employees Pension Plan For The Permanente Medical Group, Inc. (the "Plan") and Kaiser Foundation Health Plan, Inc. ("KFHP") (collectively, "Kaiser" or "Defendants") will and hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the First Amended Complaint (Dkt. 25) filed by Plaintiff Sherry Yali Liu ("Plaintiff"), without leave to amend.

This Motion is made on the following grounds:

(1)     Plaintiff's claim for benefits under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) fails to state a claim upon which relief can be granted, because Plaintiff is not entitled to receive benefits under the Plan in connection with the death of Plan participant Ya-Xia Liu, for the following reasons: (i) Plaintiff was not Ya-Xia's surviving Spouse, Domestic Partner, or Qualified Dependent, as defined by the Plan terms; and (ii) Ya-Xia did not make a valid benefit election before her death to select a Benefit Starting Date and to designate Plaintiff as her beneficiary.

(2)     Plaintiff's claim for relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for KFHP's alleged breach of fiduciary duty fails because Plaintiff's claim arises from the same alleged injury and seeks the same relief as her claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

(3)     Plaintiff is not entitled to the equitable remedies she has requested under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) – reformation and surcharge – because there was no breach of fiduciary duty.  Even if there had been a breach (which there was not), Plaintiff failed to sufficiently allege that that she is entitled to reformation because no mistake or fraud exists.  Likewise, surcharge is not available as a remedy because the Plan administrator KFHP was not unjustly enriched by following the terms of the Plan and not distributing Ya-Xia's benefits to Plaintiff.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

1    Points and Authorities, the Declaration of Clarissa A. Kang and exhibits thereto, all files and records

2    in this action, and on such further evidence and argument as may be offered.

3

4                          **MEMORANDUM OF POINTS AND AUTHORITIES**

5    **I.    INTRODUCTION**

6            Plaintiff Sherry Yali Liu seeks to recover death benefits under the Plan, in connection with

7    the death of her sister, Ya-Xia Liu.  Ya-Xia was a participant in the Plan and an employee of The

8    Permanente Medical Group, Inc. ("TPMG") until she died on March 29, 2022.  After her sister's

9    death, Plaintiff submitted a claim and appeal seeking a distribution of Ya-Xia's benefit.  She filed this

10   lawsuit after the Plan upheld the denial of her benefit claim on the grounds that she was not entitled

11   to such benefits under the Plan's terms.  In her amended complaint, Plaintiff asserts three claims for

12   relief under ERISA §§ 502(a)(1) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1) and 1132(a)(3).  First

13   Amended Complaint ("FAC"), Dkt. 25, ¶ 1.

14          Plaintiff's first and second claims for relief seek an award of Ya-Xia's benefits pursuant to

15   ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) under the terms of the Plan.  These claims fail

16   because Plaintiff is not entitled to receive benefits under the Plan, as (i) Plaintiff was not Ya-Xia's

17   surviving Spouse, Domestic Partner, or Qualified Dependent, as defined in the Plan, and (ii) Ya-Xia

18   did not make a valid benefit election before her death to select a Benefit Starting Date and to designate

19   Plaintiff as her beneficiary.  As Plaintiff admitted in her FAC, Ya-Xia never married, had no domestic

20   partner or children, and had no dependents of any kind, and Plaintiff is not a "Qualified Dependent"

21   as defined by the Plan.  Rather, she contends that Internal Revenue Code ("Code") § 401(a)(9)(E)(ii)

22   (which contains a definition of an eligible designated beneficiary for a defined contribution plan)

23   somehow overrides this Plan (which is not a defined contribution plan, but a defined benefit plan) to

24   render her a designated beneficiary under the Plan by operation of law.  But Code § 401(a)(9)(E)(ii)

25   is inapplicable to the Plan, and even if it were applicable, it would not have the effect of rendering

26   Plaintiff a designated beneficiary.  Furthermore, Plaintiff acknowledged in her letter appealing the

27   denial of her benefits claim that Ya-Xia only "substantially complied and would have fully complied"

28   with the Plan's benefit election procedures had she not died.  Plaintiff concedes that Ya-Xia did not

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

complete "all the required forms," and that the benefit election process was "initiated" but not completed.

Plaintiff's claim under ERISA § 502(a)(3), as alleged in her third claim for relief, also fails because Plaintiff's claim arises from the same alleged injury and seeks the same relief as her first and second claims for benefits under ERISA § 502(a)(1)(B). Plaintiff alleges that KFHP, the Plan administrator, breached its fiduciary duty by "failing to properly train and supervise its agents -- employees of the Kaiser Retirement Center and members of the 'Administrative Committee' to comply with and enforce THE PLAN DOCUMENT as written and as required to conform to the requirements of 26 U.S.C. § 401(a)(9)(E)." *Id.* ¶¶ 69. In other words, Plaintiff disagrees with how the Plan terms were interpreted and applied. Plaintiff's claims under §§ 502(a)(1)(B) and 502(a)(3) thus arise from the same facts – namely, the interpretation of the Plan in deciding her claim and appeal for benefits.

In addition, the essence of the relief Plaintiff seeks in connection with her breach of fiduciary duty claim is payment of the benefit to which she contends she is entitled under the Plan. Specifically, Plaintiff seeks declaratory relief deeming her Ya-Xia's beneficiary under the Plan, as well as equitable relief (i.e. surcharge and reformation) that would provide her with Ya-Xia's benefits. In requesting surcharge, Plaintiff asks that she be made "whole" because "THE PLAN did not timely pay her the benefits to which she is entitled" and for the "Plan Administrator [] to disgorge its inequitably retained money and pay Sherry Yali Liu an amount equal to the actuarial equivalent of the $676,980.77." FAC, 22:6-15. As for her reformation claim, Plaintiff asks that the Plan be reformed to include her as a beneficiary so that the "Plan Administrator [is required] to pay Sherry Yali Liu benefits owed to her under THE PLAN as reformed." *Id.* Although Plaintiff attempts to frame her surcharge and reformation claims as seeking relief separate and apart from the payment of a benefit under the Plan, the relief she seeks in connection with her claims under §§ 502(a)(1)(B) and 502(a)(3) is indistinguishable.

Lastly, Plaintiff's third claim for relief fails, because there was no breach of fiduciary duty. And even if there were a breach (which there was not), Plaintiff failed to sufficiently allege that that she is entitled to either reformation or surcharge because there was no mistake or fraud and the Plan

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9ᵗʰ Floor
San Francisco, California 94105

1 administrator KFHP was not unjustly enriched by following the terms of the Plan and not distributing

2 Ya-Xia's benefits to Plaintiff.

3          For these reasons, Plaintiff's lawsuit should be dismissed with prejudice.

4 **II.      STATEMENT OF ISSUES TO BE DECIDED (CIVIL LOCAL RULE 7-4(a)(3))**

5          1.      Should the Court dismiss Plaintiff's claim for benefits under ERISA § 502(a)(1)(B),

6 29 U.S.C. § 1132(a)(1)(B) (to the extent that it is asserted in Plaintiff's first and second claims for

7 relief), because Plaintiff is not entitled to receive benefits under the terms of the Plan since (i) Plaintiff

8 was not Ya-Xia's surviving Spouse, Domestic Partner, or Qualified Dependent under the Plan, and

9 (ii) Ya-Xia did not make a valid benefit election before her death to select a Benefit Starting Date and

10 to designate Plaintiff as her beneficiary?

11          2.      Should the Court dismiss Plaintiff's claim for breach of fiduciary duty under ERISA

12 § 502(a)(3), 29 U.S.C. § 1132(a)(3), because Plaintiff's claim arises from the same alleged injury and

13 seeks the same relief as her claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. §

14 1132(a)(1)(B)?

15          3.      Should the Court dismiss Plaintiff's claim for breach of fiduciary duty under ERISA

16 § 502(a)(3), 29 U.S.C. §1132(a)(3) because there was no breach of fiduciary duty?

17          4.      Should the Court dismiss Plaintiff's claims for reformation and surcharge under

18 ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), as alleged in her third claim for relief, because there was

19 no mistake, fraud, or unjust enrichment and the Plan expressly provides that Plaintiff is not entitled

20 to benefits under the Plan?

21 **III.     STATEMENT OF RELEVANT FACTS**

22          The statements in this section are as alleged in the FAC and in the documents that are

23 referenced in the FAC which the Court may take into consideration without converting this motion

24 to dismiss into a motion for summary judgment.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.

25 2005) (noting that the Ninth Circuit has "extended the 'incorporation by reference' doctrine to

26 situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches

27 the document to its motion to dismiss, and the parties do not dispute the authenticity of the document,

28 even though the plaintiff does not explicitly allege the contents of that document in the complaint").

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

The documents incorporated into the FAC include the Plaintiff's letter appealing the denial of her claim for benefits dated December 28, 2022 (FAC, ¶21), the appeal decision letter dated April 4, 2023 (FAC, ¶ 24), and the Plan document (*e.g.,* FAC, ¶¶8, 9, 32, 33, 35, 36, 37, 42).

### A. Background.

Plaintiff's sister, Ya-Xia Liu, was a participant in the Plan through her employment at TPMG and as a member of the Service Employees International Union, Local 250, United Healthcare Workers in the Northern California Region. FAC, ¶¶ 3 and 10. Ya-Xia began her TPMG employment in June 2000 and went on a leave of absence in May 2021. *Id.* at ¶¶ 10 and 11. Ya-Xia died on March 29, 2022, at age 68. *Id.* at ¶¶ 12 and 13. "Ya-Xia Liu never married, had no domestic partner, had no children, and had no dependents of any kind." *Id.* at ¶ 14.

### B. Plaintiff's Benefits Claim and Appeal.

After Ya-Xia's death, Plaintiff submitted a claim for Plan benefits. *Id.* at ¶ 19. Her claim was denied via a letter dated October 3, 2022 ("Claim Denial Letter"). *Id.* at ¶ 20. The Claim Denial Letter explained that no benefits were payable to Plaintiff as a result of Ya-Xia's death because (1) Ya-Xia did not have a surviving Spouse or Domestic Partner, and the Plan had not been provided with any information indicating that Ya-Xia had a Qualified Dependent; and (2) Ya-Xia did not make a valid benefit election before her death, which was a prerequisite for designating Plaintiff as her beneficiary. *Id.* at ¶ 19. Plaintiff appealed via a letter dated December 28, 2022 ("Appeal Letter"). *Id.* at ¶ 21 and Declaration of Clarissa A. Kang in support of Defendants' Motion to Dismiss the Amended Complaint ("Kang Decl."), ¶ 3, Ex. 1 (Appeal Letter).

In her Appeal Letter, Plaintiff acknowledged that Ya-Xia did not make a valid benefit election when she asserted that Ya-Xia only "substantially complied and would have fully complied" with the Plan's benefit election procedures had she not died. Kang Decl., ¶ 3, Ex. 1 at Kaiser_DB_LYX_001841. Plaintiff further conceded the absence of a valid benefit election when she stated that "Ya-Xia Liu would have completed all the required forms if she had not died and/or the Plan had not provided false information to her as to who was a proper beneficiary." *Id.* at Kaiser_DB_LYX_001842-43 (emphasis original). Additionally, in her declaration attached to her Appeal Denial letter, Plaintiff acknowledged that "a benefit election for my sister was *initiated* online

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

on her behalf" but she never stated that her sister completed the benefit election. *Id.* at Kaiser_DB_LYX_001844 (emphasis added). Plaintiff also asserted that pension plans, such as the Plan, must generally set forth the rules in 26 U.S.C. § 401(a)(9) and that Plaintiff falls into one of the categories listed for an eligible beneficiary. *Id*. at Kaiser_DB_LYX_001831-35; *see also* FAC, ¶ 21. Plaintiff also provided additional information in support of her appeal via a letter dated February 28, 2023. *Id.* at ¶ 23. Plaintiff further stated that her sister elected a single sum, and she was her sister's designated participant. Kang Decl., ¶ 3, Ex. 1 at Kaiser_DB_LYX001835. In addition, Plaintiff stated that her sister died before her benefit starting date and, therefore, the benefit should have been paid to Plaintiff. *Id.*; *see also* FAC, ¶ 23.

The Appeals Subcommittee of the Kaiser Permanente Administrative Committee (the "Appeals Subcommittee") denied Plaintiff's appeal via a letter dated April 4, 2023 ("Appeal Decision Letter"). FAC, ¶ 24 and Kang Decl., ¶ 4, Ex. 2 (Appeal Decision Letter); *Knievel*, 393 F.3d at 1076 (incorporation by reference). The Appeal Decision Letter explained that Ya-Xia's benefits are not payable to Plaintiff because: (1) Plaintiff is not Ya-Xia's Surviving Spouse or Domestic Partner, and Plaintiff did not provide sufficient evidence to prove that she was Ya-Xia's Qualified Dependent, as defined in the Plan; (2) Ya-Xia did not make a valid benefit election before her death to select a Benefit Starting Date and to designate Plaintiff as her beneficiary; (3) Ya-Xia died while employed by TPMG and before she completed a valid benefit election under the Plan; (4) Plaintiff cannot be Ya-Xia's "eligible designated beneficiary" under Code Section 401(a)(9)(E)(ii), 26 U.S.C. § 401(a)(9)(E)(ii), because the Plan is not a defined contribution plan subject to the "eligible designated beneficiary" rules; and (5) by not allowing payment to Plaintiff, the Plan is not permitting the improper reversion of the Plan assets to the employer. *Id.* Plaintiff subsequently filed a lawsuit against the Plan.

## C.      Plaintiff's Claim for Relief.

Plaintiff first brought a lawsuit against the Plan on June 23, 2023. After the Plan filed a motion to dismiss the complaint (Dkt. 15) and Plaintiff filed her opposition to the Plan's motion (Dkt. 20), Plaintiff amended her complaint (Dkt. 25). In her FAC, Plaintiff asserts claims for relief under ERISA §§ 502(a)(1)(B) and (3). FAC, ¶ 1. Specifically, she brings three claims for relief: (1) the first claim

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
Case No: 23-cv-03109-AMO
7232781

is against the Plan only and seeks to enforce Ya-Xia's election to roll over her benefits into an E*Trade securities account and award the benefits to Plaintiff as Ya-Xia's beneficiary of the rollover account (FAC, 10:1-4); (2) the second claim is also against the Plan only and requests that the court construe the Plan document consistent with the provisions of 26 U.S.C. § 401(a)(9)(E) and award benefits to Plaintiff as Ya-Xia's beneficiary (FAC, 14:9-12); and (3) the third claim is against KFHP only and seeks the equitable remedies of reformation and surcharge for KFHP's alleged breach of fiduciary duty in "administering, investigating and deciding" Plaintiff's claim and appeal by "failing to properly train and supervise its agents - - employees of the Kaiser Retirement Cetner and members of the 'Administrative Committee' to comply with and enforce THE PLAN DOCUMENT as written and required to conform to the retirements of 26 U.S.C. § 409(a)(9)(E)."  FAC, ¶ 69.

Plaintiff seeks declaratory relief deeming her Ya-Xia's beneficiary under the Plan or for the Plan to rollover her sister's election to an E*Trade account of which Plaintiff is the alleged beneficiary or another account the Plaintiff designated, as well as equitable relief, including reformation of the Plan document to conform to the requirements of 26 U.S.C. § 401(a)(9)(E) and surcharge "to make [her] whole." *Id.* at pp. 21-22.

    **D.**    **Relevant Plan Terms.**

        **(i)**    **<u>Benefits Payable Under The Plan When A Participant Dies Before Completing The Benefit Election Process.</u>**

The Plan provides that if a participant dies before completing the benefit election process, then death benefits are payable from the Plan *only if* the participant has a surviving Spouse, Domestic Partner, or a Qualified Dependent:

**ARTICLE E - AMOUNT AND PAYMENT OF BENEFITS**

\* \* \* \*

Section E-12A      Death Benefits For Certain Employee Categories

(a) <u>Death Before Benefit Starting Date.</u>
Effective October 1, 2000, for Participants represented by the following collectively bargained units listed below on the date of Termination of Employment,

    \* \* \* \*

• SEIU Local 250 (Health Care Workers), except Registered Dietitians

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

* * * *

the Administrative Committee shall pay a death benefit *to the surviving Spouse, or Domestic Partner* of a Participant who is described in paragraph (i), (ii) or (iii) below and who dies prior to his Benefit Starting Date and before making a Method of Payment election within the 90-day period before the Benefit Starting Date:

(i)     *A Vested Participant, whether or not he is employed by an employer within the Controlled Group at the time of his death;*

(ii)    A Participant who dies prior to his Normal Retirement Date, at which time he is entitled to an Early Pension, whether or not he is employed by an employer within the Controlled Group at the time of his death; or

(iii)   A Participant who dies at a time when he is entitled to a Normal Pension or a Late Pension.

The surviving Spouse's or Domestic Partner's death benefit is the Survivor Annuity described in Section E-12A (c) or (d).

*If a Vested Participant dies while employed by an employer within the Controlled Group, and does not have a surviving Spouse or Domestic Partner, a Qualified Dependent of a Vested Participant is entitled to the Qualified Dependent benefit described in Section E-12A (e).* If a Participant dies and is not described in paragraph (i), (ii) or (iii), no benefit is payable under the Plan.

Kang Decl., ¶ 5, Ex. 3 at Kaiser_DB_LYX_000057-58 (emphasis added).

The Plan defines "Qualified Dependent" to include the employee's/participant's sibling, but *only* where, on the date of the employee's death, the sibling (a) was claimed as a dependent on the employee's tax return, and (b) lived in the home of the employee:

Qualified Dependent

Qualified Dependent means, on a share and share alike basis, the first in the following order:

A. The biological or legally adopted child of the Employee who is 18 years of age or younger on the date of the Employee's death.

B. If there are no minor children meeting the definition in A. above, a Qualified Dependent means:

- biological or legally adopted child of the employee who is more than 18 years old at the time of the employee's death,
- foster child of the employee,
- a descendant of the employee's son or daughter (included a legally adopted child),
- a stepson or stepdaughter of the employee,
- *a brother, sister, stepbrother, or stepsister of the employee,*
- the father or mother of the employee, or an ancestor of either,
- a stepfather or stepmother of the employee,

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

- a son or daughter of the brother or sister of the employee,
- a brother or sister of the father or mother of the employee,
- a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the employee

who, on the date of the Employee's death must (a) be *claimed as a dependent on the employee's tax return* and (b) *live in the home of the Employee*, as the principal abode, or be enrolled and actively attending school.

Proof of relationship and, for purposes of subparagraph B, *proof of tax dependent status will be required.*

*Id.* at Kaiser_DB_LYX_000090-91 (emphasis added).

      **(ii)**    **Benefits Payable When Participant Dies After Completing the Benefit Election Process.**

Benefits are only payable to a designated beneficiary if the participant makes a valid benefit election to select a Benefit Starting Date and to designate a beneficiary for the payment of benefits after the participant's death:

Section E-12   Death Benefits

* * * *

(b) <u>Death After Benefit Starting Date</u>
* * * *

If a Participant dies after his Benefit Starting Date[1] or after making a valid method of payment election within the 90-day period before the Benefit Starting Date, with a method of payment in effect that provides for payments after his death, payments are made in accordance with the method of payment option in effect.

If Guaranteed Years of Payment was elected and no designated beneficiary survives, the remaining payments are paid to the Participant's surviving Spouse. If there is no surviving Spouse, the present value of any remaining payments is paid to the Participant's estate.

Notwithstanding anything in this Section E-12(b) to the contrary, in no event will payments be made in violation of the requirements of Code Section 401(a)(9) and the Treasury Regulations thereunder.

*Id.* at Kaiser_DB_LYX_000090-91.

Under the terms of the Plan, benefit elections must be made in a written form acceptable to the Kaiser Permanente Administrative Committee (the "Committee"):

---

[1] Benefit Starting Date is defined as "[t]he first day of the first period as of which an amount is determined and paid as an annuity or in any other Form. For purposes of distributions under Article E, in no event may a Benefit Starting Date precede receipt of the notices required by Section E-8 (d)." *Id.* at Kaiser_DB_LYX_000078-79; *see also id.* at Kaiser_DB_LYX_000045-46 (notice provisions).

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

9

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

1

Section E-8   Method of Payment

2

(c)  Electing an Optional Form of Pension

3

Subject to provisions of Section E-8 (b) [inapplicable here], ***the Participant shall
elect a Time of Payment and Method of Payment by filing the prescribed form,
in writing, with the Administrative Committee*** at any time during the Election
Period ***and by furnishing his intended Benefit Starting Date*** and proof of age for
the Participant and the Participant's Spouse or other Joint Annuitant (whichever is
applicable), ***in a written form acceptable to the Administrative Committee.*** A
prior election may be revoked at any time during the Election Period but shall
become irrevocable thereafter.

4

5

6

7

"Election Period" means the 90-day period ending on the Participant's Benefit
Starting Date.

8

9

Kang Decl., ¶ 5, Ex. 3 at Kaiser_DB_LYX_000045 (emphasis added).

10

## IV.   LEGAL STANDARD FOR DISMISSAL

11

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows courts to "streamline[] litigation by

12

dispensing with needless discovery and fact finding" and eliminating meritless claims. *Neitzke v.*

13

*Williams*, 490 U.S. 319, 326-27 (1989).  Thus, where "the allegations in a complaint, however true,

14

could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point

15

of minimum expenditure of time and money by the parties and the court.'"  *Bell Atl. Corp. v. Twombly*,

16

550 U.S. 544, 558 (2007).  Dismissal under Rule 12(b)(6) is proper where there is either "lack of a

17

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."

18

*Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015).

19

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to

20

relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim has "facial plausibility" only

21

if the plaintiff pleads facts allowing "the court to draw the reasonable inference that the defendant is

22

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must

23

allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  And,

24

conclusory allegations "are not entitled to the assumption of truth." *Id.* at 679; *Cousins v. Lockyer*,

25

568 F.3d 1063, 1067 (9th Cir. 2009) ("conclusory allegations of law and unwarranted inferences are

26

insufficient to avoid a Rule 12(b)(6) dismissal").

27

The Court, in deciding a motion to dismiss, may take into consideration the full text of

28

documents that are referenced in the complaint, or documents upon which a plaintiff's claim depends,

10

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
Case No: 23-cv-03109-AMO
7232781

without converting the motion to dismiss into a motion for summary judgment. *Knievel*, 393 F.3d at 1076; *Haseeb v. Colvin*, No. 15 03931, 2015 WL 9258086, at *1 (N.D. Cal. Dec. 18, 2015) (finding that the "documents attached to the Declaration . . . are ones upon which [Plaintiff's] complaint depends and so the court considers them"). Moreover, the court may consider documents if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

## V.     ARGUMENT

### A.     Plaintiff Fails To State A Claim For Benefits Under ERISA § 502(a)(1)(B) Because She Is Not Entitled To Benefits Under The Plan Terms.

Plaintiff's claim for benefits under ERISA § 502(a)(1)(B) fails because Plaintiff is not entitled to benefits under the Plan as: (i) Plaintiff was not Ya-Xia's surviving Spouse, Domestic Partner, or Qualified Dependent; and (ii) Ya-Xia did not make a valid benefit election before her death to select a Benefit Starting Date and to designate Plaintiff as her beneficiary.

### (i)     <u>Plaintiff Is Not Entitled To Benefits Because She Was Not Ya-Xia's Surviving Spouse, Domestic Partner, Or Qualified Dependent Under The Plan.</u>

Plaintiff is not entitled to benefits under the Plan because she was not Ya-Xia's surviving Spouse, Domestic Partner, or Qualified Dependent. Section E-12A of the Plan (*see supra*, §III.D(i)) provides that where, as here, a participant dies before commencing benefits under the Plan, death benefits are payable from the Plan *only if* the participant has a surviving Spouse, Domestic Partner, or a Qualified Dependent. Kang Decl., ¶ 5, Ex. 1 at Kaiser_DB_LYX_000057-58 (emphasis added). Plaintiff concedes that Ya-Xia "never married, had no domestic partner, had no children, and had no dependents of any kind." FAC, ¶ 14. Thus, Plaintiff admits she was not Ya-Xia's surviving Spouse or Domestic Partner.

The Plan defines "Qualified Dependent" to include the participant's sibling, but *only* where, on the date of the employee's death, the sibling (a) was claimed as a dependent on the employee's tax return, and (b) lived in the home of the employee. Kang Decl., ¶ 5, Ex. 3 at

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

Kaiser_DB_LYX_000090-91.  Plaintiff fails to satisfy this definition because, as noted in the Appeal Decision Letter, she did not provide the Plan with the required evidence "to support a finding that she was Ya-Xia's qualified dependent." *Id.*, ¶ 4, Ex. 2 at Kaiser_DB_LYX_001806.

Plaintiff also does not contend that she satisfies the Plan's definition of "Qualified Dependent."  Rather, she contends that the definition of "Qualified Dependent" in the Plan does not apply because it is allegedly inconsistent with the requirements of Code § 401(a)(9) and the regulations thereunder, which, she claims, render her a designated beneficiary under the Plan by operation of law.  FAC, ¶¶ 57 and 58.  Specifically, Plaintiff incorrectly asserts that under Code § 401(a)(9)(E)(ii), an "eligible designated beneficiary" includes an individual who is not more than 10 years younger than the employee, and, because Plaintiff is less than 10 years younger than Ya-Xia, she is an eligible designated beneficiary under the Plan.

Plaintiff is wrong in several respects.  First, Code § 401(a)(9)(E)(ii) applies only to defined contribution plans and not defined benefit plans such as the Plan.  Unlike benefits from a defined contribution plan, which are segregated into individual participant accounts and are similar to funds a participant deposits into a bank account, a benefit from a defined benefit plan is an entitlement to a specified amount in the future, subject to certain conditions.  Under the Plan, one condition of that entitlement is that if an employee dies before making a benefit election and does not have a surviving spouse, domestic partner or qualified dependent, then no death benefits are payable. While the Plan does incorporate Code § 401(a)(9), which generally requires that when a participant dies before her required minimum distribution ("RMD") date, the qualified plan will have to satisfy certain payment rules, it only does so to designate the *time* when RMDs of pension benefits must be made to participants who have attained a certain age (at the time of Ya-Xia's death, RMDs must begin at the latest on April 1st of the calendar year following the later of the calendar year in which the participant attained age 72 or were retired).

Article E-8(g) of the Plan ("Required Distributions") provides, in relevant part: "Any other Plan provision to the contrary notwithstanding, payment of a Participant's Pension shall be made or shall commence by the Participant's Required Beginning Date in accordance with Code Section 401(a)(9) and the regulations thereunder, including Treasury Regulation section 1.401(a)(9)-2

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

through section 1.401(a)(9)-9 of those regulations, as applicable, and their successors.   These

regulations are incorporated in the Plan by reference and will override any inconsistent provisions of

the Plan."  Kang Decl., ¶ 5, Ex. 3 at Kaiser_DB_LYX_000046.

Code § 401(a)(9)(E)(ii) was introduced by the SECURE 1.0 Act, effective January 1, 2020,

to create an exception to the requirement that death distributions from defined contribution plans be

made within a certain number of years after a participant's death.   Specifically, Code §

401(a)(9)(E)(ii) defines "eligible designated beneficiary" to include "any designated beneficiary who

is . . . an individual . . . who is not more than 10 years younger than the employee."  This term "eligible

designated beneficiary," is, in turn, *only* used in § 401(a)(9)(H), which is titled "Special rules for

certain *defined contribution plans*" (emphasis added).  Code § 401(a)(9)(H) modifies the distribution

period with respect to "eligible designated beneficiaries," as defined under § 401(a)(9)(E)(ii).

Further, consistent with the heading for subsection 401(a)(9)(H) that limits its application to defined

contribution plans, § 401(a)(9)(H)(vi) provides that the provisions of § 401(a)(9)(H) do not apply to

defined benefit plans such as the Plan:

> Application to certain eligible retirement plans.— For purposes of applying the
> provisions of this subparagraph in determining amounts required to be distributed
> pursuant to this paragraph, all eligible retirement plans (as defined in [Code] section
> 402(c)(8)(B), *other than a defined benefit plan* described in clause (iv) or (v) thereof
> or a qualified trust which is a part of a defined benefit plan) shall be treated as a defined
> contribution plan."

(emphasis added).

Because Code § 401(a)(9)(E)(ii) only applies to defined contribution plans, and not to defined

benefit plans such as the Plan, it does not apply here.  Even if it did, it would not render Plaintiff Ya-

Xia's designated beneficiary.  For the reasons stated in the immediately following section of this

Motion, Ya-Xia did not complete the benefit election process to designate Plaintiff as her beneficiary

under the Plan.  Therefore, Plaintiff could not fall within Code § 401(a)(9)(E)(ii)'s definition of

"eligible designated beneficiary.).

Accordingly,  Plaintiff is not entitled to benefits under the Plan, and her first and second claims

for relief should be dismissed with prejudice.

//

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

(ii)   **Plaintiff Is Not Entitled To Benefits Because Ya-Xia Did Not Make A Valid Benefit Election To Select A Benefit Starting Date And To Designate Plaintiff As Her Beneficiary.**

Plaintiff is also not entitled to benefits under the Plan because Ya-Xia did not make a valid benefit election before her death to select a Benefit Starting Date and to designate Plaintiff as her beneficiary.  Under Section E-12 of the Plan, benefits are only payable to a designated beneficiary if the participant makes a valid benefit election to select a Benefit Starting Date and to designate a beneficiary for the payment of benefits after the participant's death.  Kang Decl., ¶ 5, Ex. 3 at Kaiser_DB_LYX_000090-91.  Further, under the terms of the Plan, benefit elections must be made in a written form acceptable to the Committee.  *Id.* at Kaiser_DB_LYX_000045.  The Plan requires the participant to "elect a Time of Payment and Method of Payment by filing the prescribed form, in writing, with the Administrative Committee . . . and by furnishing his intended Benefit Starting Date and proof of age . . . in a written *form acceptable to the Administrative Committee*."  *Id.* at Kaiser_DB_LYX_000045 (emphasis added).  The subcommittee of the Administrative Committee that reviewed Plaintiff's appeal, the Appeals Subcommittee, determined that although the benefit election process was *initiated* online, Ya-Xia failed to *complete* the election process.  Kang Decl., ¶ 4, Ex. 2 at Kaiser_DB_LYX_001808.

As noted in the Appeal Decision Letter, "the Plan's consistent administrative practice is to require the participant confirm their benefit election, Benefit Starting Date, personal information, payment method and tax withholdings before completing the benefit election."  *Id.* at Kaiser_DB_LYX_001807.  Further, "[o]nce a benefit election is initiated online, a participant must complete all the forms electronically," at which time the Kaiser Permanente Retirement Center verifies "the identity of the person making the election, the information provided, and the benefit amount."  *Id.*  The participant then receives an electronic notice that explains that "[y]our submitted documents are under review," and that "[w]e will notify you when it is time to resume your benefit commencement."  *Id.*  Only once that process is complete does the participant receive a notice "that their next step is ready, and they should log back in to complete the benefit election process."  *Id.* at Kaiser_DB_LYX_001808.  Furthermore, pursuant to Section E-8(d) of the Plan, there are a number of notices that must be provided to a Plan participant before commencing benefits, including the terms

14

1    and conditions of the different forms of pensions and the values of such pensions.  *Id.* at ¶ 5, Ex. 3 at

2    Kaiser_DB_LYX_00045-46; *see also id.* at Kaiser_DB_LYX_000078-79 ("For purposes of

3    distributions under Article E, in no event may a Benefit Starting Date precede receipt of the notices

4    required by Section E-8 (d))."

5         Here, the FAC makes clear that Ya-Xia did not complete the benefit election process.  As a

6    result, Ya-Xia failed to make a valid election of Plan benefits, including a valid election of a Benefit

7    Starting Date or beneficiary designation, before her death, under the Plan's terms.  As Plaintiff

8    acknowledged in her Appeal Letter, Ya-Xia had only "substantially complied and would have fully

9    complied" with the Plan's benefit election procedures had she not died.  Kang Decl., ¶ 3, Ex. 1 at

10   Kaiser_DB_LYX_001841; *see also* FAC, ¶ 21.  Plaintiff further conceded the absence of a valid

11   benefit election when she stated that "Ya-Xia Liu would have completed all the required forms if she

12   had not died and/or the Plan had not provided false information to her as to who was a proper

13   beneficiary."   Kang Decl., ¶ 3, Ex. 1 at  Kaiser_DB_LYX_001842-43.   Additionally, Plaintiff

14   acknowledged under penalty of perjury that "a benefit election for my sister was *initiated* online on

15   her behalf" without stating that any benefit election was completed.  *Id.* at Kaiser_DB_LYX_001844

16   (emphasis added).  Thus, because Ya-Xia did not make a valid benefit election before her death to

17   select a Benefit Starting Date and to designate Plaintiff as her beneficiary, Plaintiff is not entitled to

18   benefits under the Plan.

19        To the extent Plaintiff argues that the California doctrine of substantial compliance mandates

20   the payment of a benefit to Plaintiff, her argument lacks merit.  The doctrine of substantial compliance

21   is not applicable to the benefit commencement process.  *See Leung v. Skidmore, Owings & Merrill*,

22   213 F. Supp. 2d 1098 (N.D. Cal. 2002) (noting "there is a serious question as to whether the California

23   doctrine of substantial compliance applies" in the context of the benefit commencement process, as

24   "[i]n ERISA cases, it appears that the doctrine has only been applied in the context of an attempt to

25   change the designated beneficiary.").

26        For these reasons, Plaintiff cannot state a claim for benefits under ERISA § 502(a)(1)(B).

27   Plaintiff's first and second claims should be dismissed with prejudice.

28   //

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

**B.      Plaintiff Fails To State A Claim For Breach Of Fiduciary Duty Under ERISA § 502(a)(3) Because Her Claim Is Duplicative Of Her Claim For Benefits Under ERISA § 502(a)(1)(B), And Because No Breach Occurred.**

Plaintiff's claim seeking relief under ERISA § 502(a)(3) for breach of fiduciary duty fails because this claim arises from the same facts and seeks the same relief as her claim for benefits under ERISA § 502(a)(1)(B).

"When a fiduciary breaches its duty and relief is not otherwise available under the statute, § 502(a)(3) of ERISA provides for individualized equitable relief." *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 727 (9th Cir. 2000).  However, a claim under ERISA § 502(a)(3) that does not arise from a separate injury or does not seek a different remedy from a §502(a)(1)(B) claim for benefits is deemed duplicative and impermissible.  *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016).  District courts routinely rely on *Moyle* in disposing of duplicative § 502(a)(3) claims at the pleading stage.  *See, e.g.*, *Fortier v. Anthem, Inc.*, No. 220CV04952MCSMAA, 2020 WL 7639583, at *4 (C.D. Cal. Dec. 11, 2020) (granting motion to dismiss duplicative § 502(a)(3) claim); *Schuman v. Microchip Tech. Inc.*, 302 F. Supp. 3d 1101, 1118 (N.D. Cal. 2018) (dismissing with prejudice three forms of injunctive relief under § 502(a)(3) because they were "improperly duplicative" of relief available under § 502 (a)(1)(B)); *Sidlo v. Kaiser Permanente Ins. Co.,* 221 F. Supp. 3d 1183, 1208 (D. Haw. 2016) (dismissing plaintiff's § 502(a)(3) claim because it was duplicative of his § 502(a)(1)(B) claim); *Sliwinski v. Aetna Life Ins. Co.*, No. 17-CV-01528-RM-MEH, 2018 WL 4697310, at *6 (D. Colo. Mar. 2, 2018) (dismissing § 502(a)(3) claim where plaintiff sought "to extrapolate a straightforward claim for the denial of benefits into one seeking equitable relief").

The purported breaches of fiduciary duty that Plaintiff alleges are duplicative of the allegations that form the basis of Plaintiff's § 502(a)(1)(B) claim.  Plaintiff's claims under §§ 502(a)(1)(B) and 502(a)(3) arise from the same facts and seek the same relief.  In support of her claim for benefits under § 502(a)(1)(B), Plaintiff contends that she is entitled to benefits under the terms of the Plan, and that the Plan Administrator erred in denying her appeal.  FAC, ¶¶ 45-49, 59-62. Likewise, Plaintiff alleges that KFHP, the Plan Administrator, breached its fiduciary duty by "failing to properly train and supervise its agents -- employees of the Kaiser Retirement Center and members of the 'Administrative Committee' to comply with and enforce THE PLAN DOCUMENT as written

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9ᵗʰ Floor
San Francisco, California 94105

16

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9ᵗʰ Floor
San Francisco, California 94105

1   and as required to conform to the requirements of 26 U.S.C. § 401(a)(9)(E)." *Id.* at ¶¶ 69.  In other

2   words, Plaintiff disagrees with the how the Plan terms were interpreted and administered with regard

3   to her claim for benefits under the Plan and, thus, her claim under § 502(a)(3) arises from the same

4   facts alleged in Plaintiff's claims under § 502(a)(1)(B) (i.e. Plaintiff asserts that the Plan abused its

5   discretion by construing the Plan document contrary to its terms and failing to include and interpret

6   the Plan consistent with 26 U.S.C. § 401(a)(9)(E)).  *Id.* at ¶¶ 47, 48, 57-59, 64.

7          The relief Plaintiff seeks in connection with her breach of fiduciary duty claim is essentially

8   a distribution of Ya-Xia's benefits to Plaintiff.  Specifically, Plaintiff seeks declaratory relief deeming

9   her Ya-Xia's beneficiary under the Plan, as well as equitable relief (i.e. surcharge and reformation)

10   that would provide her with Ya-Xia's benefits.  In seeking surcharge, Plaintiff asks that she be made

11   "whole" because "THE PLAN did not timely pay her the benefits to which she is entitled" and for

12   the "Plan Administrator [] to disgorge its inequitably retained money and pay [Plaintiff] an amount

13   equal to the actuarial equivalent of the $676,980.77."  FAC, 22:6-12.  As for her reformation claim,

14   Plaintiff asks that the plan be reformed to include her as a beneficiary so that the "Plan Administrator

15   [is required] to pay [Plaintiff] benefits owed to her under THE PLAN as reformed."  *Id.* at 22:1-5.

16   Although Plaintiff attempts to frame her surcharge and reformation claims as relief separate and apart

17   from the payment of a benefit under the Plan, the relief she seeks in connection with her claims under

18   §§ 502(a)(1)(B) and 502(a)(3) is indistinguishable.  Under *Moyle*, §§ 502(a)(1)(B) and 502(a)(3)

19   claims can only proceed simultaneously "if they plead distinct remedies" and do not "result in a

20   double recovery for the same injury."  823 F.3d at 961.  Thus, because Plaintiff's claim for breach of

21   fiduciary duty under § 502(a)(3) arises from the same facts and essentially seeks the same relief as

22   her claim for benefits under § 502(a)(1)(B), Plaintiff fails to state a viable claim under § 502(a)(3).

23          Further, because, for the reasons stated above in Section V.A. of this Motion, KFHP the Plan

24   Administrator correctly applied the Plan's terms in determining that Plaintiff is not entitled to benefits

25   under the Plan, no fiduciary breach occurred in connection with the administration of Plaintiff's claim

26   and appeal.  Moreover, ERISA requires that a fiduciary, such as KFHP, carry out its duties "in

27   accordance with the documents and instruments governing the [P]lan."  ERISA § 404(a)(1)(D), 29

28   U.S.C. §1104(a)(1)(D).  KFHP did so here in determining that Plaintiff did not qualify under any

category of eligible beneficiaries following Ya-Xia's death.  There can be no fiduciary breach from a fiduciary's adherence to the valid terms of the Plan document, thus Plaintiff's fiduciary breach claim is implausible.  Accordingly, Plaintiff's third claim for relief lacks merit and should be dismissed with prejudice.

### C.   Plaintiff's Is Not Entitled to Reformation Or Surcharge.

Plaintiff is not entitled to the equitable relief of reformation and surcharge, the forms of relief she seeks in her breach of fiduciary duty claim, because there was no breach of fiduciary duty.  But even if there were a breach, Plaintiff failed to sufficiently allege that that she is entitled to either reformation or surcharge.  Plaintiff is obligated to provide the "grounds of his entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint needs "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  And "actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Plaintiff's FAC falls far short of those standards.

Reformation is not appropriate here because no mistake or fraud exists.  *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955 (9th Cir. 2014).  Reformation is appropriate only where the plan contains terms that either (i) arise from a mistake of fact or law and fail to reflect the drafter's intent, or (ii) were induced by fraud, duress, or undue influence. *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1166 (9th Cir. 2012).  Nowhere in the FAC does Plaintiff allege that there was any mistake or fraud with respect to the Plan document.  In addition, the terms of the Plan were not a product of a mistake, nor was there a mutual mistake as to the content or effect of the Plan's terms. *Gabriel*, 773 F.3d at 955.  Plaintiff asserts that the Plan must include the category of designated eligible beneficiary as set forth in Code §401(a)(9)(E)(ii) and that failure to do so constitutes a breach of fiduciary duty.  But, as discussed above, that Code section does not apply to defined benefit plans, such as the Plan.  Thus, it was not a mistake for KFHP or the Appeals Subcommittee to read the Plan to not include Code § 401(a)(9)(E)(ii) – a reading which is consistent with the Code's express statement that that section is inapplicable to defined benefit plans.

//

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
Case No: 23-cv-03109-AMO
7232781

1   Likewise, surcharge is not available as a remedy because KFHP was not unjustly enriched in

2   any way by following the terms of the Plan and not distributing Ya-Xia's benefits to Plaintiff. *See*

3   *Gabriel*, 773 F.3d at 957 (holding that surcharge may be an appropriate form of equitable relief to

4   require a fiduciary to disgorge profits from unjust enrichment).  While Plaintiff alleges that KFHP

5   "disgorge its inequitably retained money," the FAC is completely devoid of any allegation of how the

6   Plan administrator was unjustly enriched.

7   Accordingly, Plaintiff's breach of fiduciary duty claim under ERISA § 502(a)(3) should be

8   dismissed with prejudice.

9   **VI.    CONCLUSION**

10   Plaintiff has already had the opportunity to amend her complaint and, for the reasons detailed

11   above, it would be futile for her to amend her complaint for a second time.  Defendants therefore

12   respectfully request that the Court dismiss Plaintiff's FAC with prejudice.

13   Dated: December 1, 2023                     TRUCKER ✦ HUSS

15                                  By: /s/Clarissa A. Kang
16                                      Clarissa A. Kang
                                        Angel L. Garrett
                                        Brian D. Murray
17                                      Attorneys for Defendants
                                        KAISER PERMANENTE EMPLOYEES
18                                      PENSION PLAN FOR THE PERMANENTE
                                        MEDICAL GROUP, INC. and
19                                      KAISER FOUNDATION HEALTH PLAN, INC.

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

19