1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    SHERRY YALI LIU,                        Case No.  23-cv-03109-AMO

8                  Plaintiff,
                                             **ORDER GRANTING MOTION TO**
9         v.                                 **DISMISS**

10   KAISER PERMANENTE EMPLOYEES             Re: Dkt. No. 30
     PENSION PLAN FOR THE
11   PERMANENTE MEDICAL GROUP, INC.,
     et al.,
12
                   Defendants.
13

14        This case arises under the Employee Retirement Income Security Act ("ERISA").

15   Defendants' motion to dismiss was heard before this Court on May 16, 2024.  Having read the

16   papers filed by the parties and carefully considered their arguments therein and those made at the

17   hearing, as well as the relevant legal authority, the Court hereby **GRANTS** the motion to dismiss

18   for the following reasons.

19   **I.        BACKGROUND**[1]

20        Plaintiff Sherry Yali Liu is the surviving sister of decedent Ya-Xia Liu.  First Am. Compl.

21   ("FAC," ECF 25) ¶ 3.  Defendant Kaiser Permanente Employees Pension Plan For The

22   Permanente Medical Group, Inc. (the "Plan") is a pension plan organized under ERISA.  FAC ¶ 4.

23   Defendant Kaiser Foundation Health Plan, Inc. ("KFHP") is the administrator and named

24   fiduciary under Section F-1 of the Plan Document.  FAC ¶ 4.[2]  Decedent Ya-Xia Liu was a

25   participant in the Plan through her employment at Kaiser Permanente and as a member of the

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [1] The Complaint makes the following allegations, which the Court accepts as true for purposes of
     the motion to dismiss.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).
28
     [2] This Order refers to the Plan and KFHP collectively as "Kaiser."

*United States District Court*
*Northern District of California*

Service Employees International Union, Local 250, United Healthcare Workers in the Northern California Region. FAC ¶¶ 3, 10. Ya-Xia began her employment at Kaiser Permanente in June 2000 and took a leave of absence beginning in May 2021. FAC ¶¶ 10, 11. Ya-Xia died on March 29, 2022, at age 68, while still on leave from Kaiser. FAC ¶¶ 12, 13. "Ya-Xia Liu never married, had no domestic partner, had no children, and had no dependents of any kind." FAC ¶ 14.

After Ya-Xia's death, Plaintiff submitted a claim for Ya-Xia's Plan benefits. FAC ¶ 19. Plaintiff's claim was denied via a letter dated October 3, 2022 ("Claim Denial Letter"). FAC ¶ 20. The Claim Denial Letter explained that no benefits were payable to Plaintiff for several reasons, including that (1) the Plan had not been provided with any information indicating that Ya-Xia had a qualified dependent; and (2) Ya-Xia did not make a valid benefit election before her death, which was a prerequisite for designating Plaintiff as her beneficiary. FAC ¶ 19.

Plaintiff appealed the denial via a letter dated December 28, 2022. FAC ¶ 21; Kang Decl. ¶ 3, Ex. 1 ("Appeal Letter").[3] In her Appeal Letter, Plaintiff asserted that Ya-Xia "substantially complied and would have fully complied" with the Plan's benefit election procedures had she not died. Kang Decl. ¶ 3, Ex. 1. Plaintiff further stated that "Ya-Xia Liu would have completed all the required forms if she had not died and/or the Plan had not provided false information to her as to who was a proper beneficiary." *Id.* Additionally, in her declaration attached to her Appeal Denial letter, Plaintiff acknowledged that "a benefit election for my sister was initiated online on her behalf" but she never stated that her sister completed the benefit election. *Id.* Plaintiff further stated that her sister elected a single sum payout, and she was her sister's designated beneficiary. Kang Decl. ¶ 3, Ex. 1. In addition, Plaintiff stated that her sister died before her benefit starting date and, therefore, the benefit should have been paid to Plaintiff. *Id.*; *see also* FAC ¶ 23.

The Appeals Subcommittee of the Kaiser Permanente Administrative Committee (the "Appeals Subcommittee") denied Plaintiff's appeal via a letter dated April 4, 2023 ("Appeal Decision Letter"). FAC ¶ 24; Kang Decl. ¶ 4, Ex. 2 (Appeal Decision Letter). The Appeal Decision Letter explained that Ya-Xia's benefits are not payable to Plaintiff because: (1) Plaintiff

---

[3] Both parties agreed at the hearing that the Court could consider the correspondence related to Plaintiffs' claim as incorporated into the Complaint by reference.

is not Ya-Xia's surviving spouse or domestic partner, and Plaintiff did not provide sufficient evidence to prove that she was Ya-Xia's qualified dependent, as defined in the Plan; (2) Ya-Xia did not make a valid benefit election before her death to select a benefit starting date or to designate Plaintiff as her beneficiary; (3) Ya-Xia died while employed by Kaiser and before she completed a valid benefit election under the Plan; (4) Plaintiff cannot be Ya-Xia's "eligible designated beneficiary" under Internal Revenue Code ("Code") § 401(a)(9)(E)(ii) (26 U.S.C. § 401(a)(9)(E)(ii)), because the Plan is not a defined contribution plan subject to the "eligible designated beneficiary" rules; and (5) by not allowing payment to Plaintiff, the Plan does not permit the improper reversion of the Plan assets to the employer.  *Id.*

Plaintiff initiated this lawsuit against Kaiser by complaint filed on June 23, 2023.  ECF 1. Plaintiff filed the now-operative First Amended Complaint ("FAC") on October 17, 2023.  ECF 25.  In the FAC, Plaintiff asserts claims for relief under ERISA §§ 502(a)(1)(B) and (3).  FAC ¶ 1. Specifically, she brings three claims for relief:

(1) the first claim is against the Plan only and seeks to enforce Ya-Xia's election to roll over her benefits into an E*Trade securities account and award the benefits to Plaintiff as Ya-Xia's beneficiary of the rollover account (FAC ¶¶ 31-49);

(2) the second claim is also against the Plan only and requests that the court construe the Plan document consistent with the provisions of Title 26 U.S.C. § 401(a)(9)(E) and award benefits to Plaintiff as Ya-Xia's beneficiary (FAC ¶¶ 50-64); and

(3) the third claim is against KFHP only and seeks the equitable remedies of reformation and surcharge for KFHP's alleged breach of fiduciary duty in "administering, investigating and deciding" Plaintiff's claim and appeal by "failing to properly train and supervise its agents – employees of the Kaiser Retirement Center and members of the 'Administrative Committee' to comply with and enforce THE PLAN DOCUMENT as written and required to conform to the retirements of 26 U.S.C. § 409(a)(9)(E)" (FAC ¶¶ 65-70).

Defendant filed the instant motion to dismiss on December 1, 2023, in response to the FAC.  ECF 30.

United States District Court
Northern District of California

## II.     DISCUSSION

### A.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005).

### B.     Benefits under ERISA § 502(a)(1)(B)

Kaiser argues that Plaintiff's claims for relief pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), as alleged in her first and second claims for relief in the FAC, should be dismissed because (1) Plaintiff is not her deceased sister/Plan participant Ya-Xia's spouse, domestic partner, or Qualified Dependent, as defined in the Plan, (2) Ya-Xia did not complete the benefit election process, and (3) the term "eligible designated beneficiary" in Code § 401(a)(9)(E)(ii), cannot be incorporated into the Plan because that section of the Code only applies to a defined contribution plan and not a defined benefit plan.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff does not argue that she qualifies for benefits as Ya-Xia's surviving spouse or

2 domestic partner.  Plaintiff concedes that Ya-Xia "never married, had no domestic partner, had no

3 children, and had no dependents of any kind."  FAC ¶ 14.  Additionally, Plaintiff conceded at the

4 hearing that she does not intend to proceed under a theory that she was the decedent's qualified

5 dependent.  Therefore, the Court focuses on the remaining bases for Plaintiff to qualify for

6 benefits under the Plan – whether Plaintiff fits the Plan definition of "designated beneficiary."

7    **1.    Substantial Compliance with the Benefit Election Process**

8    Plaintiff avers that she is entitled to payment as Ya-Xia's designated beneficiary.  She

9 avers that the appropriate method for identifying "designated beneficiary" originates from 26

10 C.F.R. § 401(a)(9)-4, which states: "An individual may be designated as a beneficiary under the

11 plan either by the terms of the plan or, if the plan so provides, by an affirmative election by the

12 employee (or the employee's surviving spouse) specifying the beneficiary."  For benefits to be

13 payable to a beneficiary such as Plaintiff, the participant, pursuant to Plan § E-8(c), must "elect a

14 Time of Payment and Method of Payment by filing the prescribed form, in writing, with the

15 Administrative Committee . . . and by furnishing his intended Benefit Starting Date and proof of

16 age . . . in a written form acceptable to the Administrative Committee."  Kang Decl. ¶ 5, Ex. 3

17 (ECF 31-3) at Kaiser_DB_LYX_000045.  As described in the Appeal Decision Letter, "the Plan's

18 consistent administrative practice is to require the participant confirm their benefit election,

19 Benefit Starting Date, personal information, payment method and tax withholdings before

20 completing the benefit election."  Kang Decl. ¶ 4, Ex. 2 at Kaiser_DB_LYX_001807.  Further,

21 "[o]nce a benefit election is initiated online, a participant must complete all the forms

22 electronically," at which time the Kaiser Permanente Retirement Center verifies "the identity of

23 the person making the election, the information provided, and the benefit amount."  *Id.*  The

24 participant then receives an electronic notice that explains that "[y]our submitted documents are

25 under review," and that "[w]e will notify you when it is time to resume your benefit

26 commencement."  *Id.*  Only once that process is complete does the participant receive a notice

27 "that their next step is ready, and they should log back in to complete the benefit election process."

28 *Id.* at Kaiser_DB_LYX_001808.

United States District Court
Northern District of California

1    Here, Ya-Xia did not complete the benefit election process before her death – she did not

2    finalize the selection of a Benefit Starting Date or designate Plaintiff as her beneficiary.  Plaintiff

3    admits that "a benefit election for my sister was initiated online on her behalf."  Kang Decl. ¶ 3,

4    Ex. 1 (ECF 31-1) at Kaiser_DB_LYX_001844.  Despite initiation of the benefit election process

5    online, Ya-Xia did not complete this process.  *Id.* ¶ 4, Ex. 2 (ECF 31-2) at

6    Kaiser_DB_LYX_001808.  Therefore, because Ya-Xia did not make a valid benefit election

7    before her death to designate Plaintiff as her beneficiary, Plaintiff is not entitled to benefits under a

8    plain reading of the Plan.

9    Plaintiff argues that the analysis cannot end there, however, because Ya-Xia Liu had

10   "substantially complied and would have fully complied" with the Plan's benefit election

11   procedures had she not died.  FAC ¶ 49; Kang Decl. ¶ 3, Ex. 1 (ECF 31-1) at

12   Kaiser_DB_LYX_001841.  In substance, Plaintiff argues that the doctrine of substantial

13   compliance applies in a wide variety of ERISA contexts.  *See* Opp. at 17-18 (citing *Chuck v.*

14   *Hewlett Packard Co.*, 455 F.3d. 1026, 1032 (9th Cir. 2006); *Schwartz v. Hartford Life and*

15   *Accident Ins. Co.*, 443 F. Supp. 3d 1085 (N.D. Cal. 2020); *Lamantia v. Voluntary Plan*

16   *Administrators, Inc.*, 401 F. 3d 1114, 1123 (9th Cir. 2005)).  Of the cases Plaintiff cites, the Ninth

17   Circuit's reasoning in *Becker v. Williams*, 777 F.3d 1035 (9th Cir. 2015), is most relevant here.  In

18   *Becker*, the court considered whether an ERISA claimant was required to strictly or substantially

19   comply with a plan document to effectuate a change of beneficiary designation.  *Id.* at 1041-42.

20   There, the plan did not require any specific procedure for unmarried participants to make such a

21   change, permitting participants to call or visit the plan website to do so.  *Id.*  The court concluded

22   that records of the divorced participant's calls to the plan administrator to change his beneficiary

23   designation constituted substantial compliance with the plan's requirements particularly because

24   the plan document did not incorporate or refer to beneficiary designation forms for unmarried

25   participants.  *Id.* at 1042.

26   Here, though the parties focus their attention on the broader query of whether the

27   substantial compliance doctrine applies in the ERISA context, a closer comparison of *Becker* to

28   the facts in this case provides a clearer answer.  The Ninth Circuit's reasoning in *Becker* relied in

significant part on the absence of a specific procedure for unmarried participants to change their beneficiaries – the plan stated that such a change could be initiated by phone call, and the participant substantially complied with the plan by making such a phone call even though he failed to complete subsequent paperwork omitted from the plan document.  777 F.3d at 1042.  Kaiser's Plan, by contrast, sets forth a different process for designating a beneficiary.  Under the terms of the Plan, benefit elections must be made "in a written form acceptable to the Administrative Committee."  Plan § E-8(c).  Further, as described above, the Plan Document requires the Plan to provide several notices and for the beneficiary to return several verifications, confirmations, and acknowledgements to make a valid election of benefits.  *Id.* § E-8(d).  There is no evidence that Ya-Xia completed any written form.  Ya-Xia failed to make a valid election of Plan benefits, including a valid election of a Benefit Starting Date or beneficiary designation, before her death, under the Plan's terms.  As Plaintiff acknowledged in her Appeal Letter, Ya-Xia had only "substantially complied and would have fully complied" with the Plan's benefit election procedures had she not died.  Kang Decl. ¶ 3, Ex. 1 at Kaiser_DB_LYX_001841; *see also* FAC ¶ 21.  Plaintiff further conceded the absence of a valid benefit election when she stated that "Ya-Xia Liu would have completed all the required forms if she had not died and/or the Plan had not provided false information to her as to who was a proper beneficiary."  Kang Decl. ¶ 3, Ex. 1 at Kaiser_DB_LYX_001842-43.  Additionally, Plaintiff acknowledged under penalty of perjury that "a benefit election for my sister was initiated online on her behalf" without stating that any benefit election was completed.  *Id.* at Kaiser_DB_LYX_001844.  Even if the substantial compliance doctrine applied to the circumstances here, Ya-Xia's actions do not amount to substantial compliance, which is defined as "every reasonable effort under the circumstances."  *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 830 (9th Cir. 2000) (citation omitted).  Initiation of an online process not described at all in the Plan Document falls well short of substantial compliance. Thus, because Ya-Xia did not make a valid benefit election before her death to designate Plaintiff as her beneficiary, Plaintiff is not entitled to benefits under the Plan.

Plaintiff finally adds that Kaiser failed to dispute the issue of substantial compliance administratively and thus waived the right to dispute it in litigation.  *See Collier v. Lincoln Life*

United States District Court
Northern District of California

1   *Assurance Co. of Boston*, 53 F. 4th 1180, 1182 (9th Cir. 2022) (barring the presentation of a

2   rationale for denial in litigation that had not been presented in the administrative process).

3   Plaintiff's argument is founded on an incorrect premise.  The Appeals Subcommittee considered

4   the Plaintiff's substantial compliance argument, raised for the first time in her Appeal Letter, and

5   explained that the Plan terms require that the benefit election process must be completed for

6   benefits to commence.  *See* Kang Decl. ¶ 3, Ex. 1 (averring that Ya-Xia substantially complied

7   with the designation of Plaintiff as beneficiary).  As the Appeals Decision Letter explained,

8   because the "Plan's terms provide clear and unambiguous rules regarding the benefit election and

9   beneficiary designation process" and "incomplete benefit commencement forms [were] initiated

10   online" for Ya-Xia's benefits, Plaintiff was not entitled to benefits.  Kang Decl. ¶ 4, Ex. 2 (Dkt.

11   31-2) at Kaiser_DB_LYX_001808.  Therefore, Kaiser did not waive its argument regarding the

12   inapplicability of the substantial compliance doctrine.

13         The Court accordingly **DISMISSES** Plaintiff's first cause of action, which seeks an award

14   of Ya-Xia's benefits to Plaintiff.  Plaintiff fails to establish that she was Ya-Xia's designated

15   beneficiary.

16               **2.**         **Designated Beneficiary Under Section 401(a)(9)(E)**

17         Plaintiff argues that, regardless of the substantial compliance discussion, she is entitled to

18   her sister's death benefits as a matter of law.  Plaintiff asserts that Code § 401(a)(9)(E)(ii) is

19   incorporated by reference into the Plan by use of the phrase "Required Beginning Date" and that,

20   because the term "designated beneficiary" is not defined in the Plan document, interpretation of

21   the document must look to the definition set out in the Code.  *See* Opp. at 15:27-28.  Specifically,

22   Plaintiff asserts that under Code § 401(a)(9)(E)(ii), an "eligible designated beneficiary" includes

23   an individual who is not more than 10 years younger than the employee, and, because Plaintiff is

24   less than 10 years younger than Ya-Xia, she is an eligible designated beneficiary under the Plan.

25   FAC ¶¶ 57, 58.

26         First, Plaintiff reads the Plan incorrectly.  The Plan does define "Required Beginning

27   Date," and it is "April 1 of the calendar year following the date a Participant attains age 70½ . . ."

28

1    Kang Decl. ¶ 5, Ex. 3 (ECF 31-3) at Kaiser_DB_LYX_000091.  Plaintiff's purported basis for

2    incorporation by reference thus misses the mark.

3          Second, Code § 401(a)(9)(E)(ii) does not apply here, as it applies only to defined

4    contribution plans and not defined benefit plans such as the Plan.  Code § 401(a)(9)(E)(ii) defines

5    "eligible designated beneficiary" to include "any designated beneficiary who is . . . an individual

6    . . . who is not more than 10 years younger than the employee."  The term "eligible designated

7    beneficiary," is, in turn, only used in § 401(a)(9)(H), which is titled "Special rules for certain

8    defined contribution plans."  Code § 401(a)(9)(H) modifies the distribution period with respect to

9    "eligible designated beneficiaries," as defined under Section 401(a)(9)(E)(ii).  Because Code

10   § 401(a)(9)(E)(ii) only applies to defined contribution plans, and not to defined benefit plans such

11   as the Plan, it does not apply here.  Even if it did, it would not render Plaintiff Ya-Xia's designated

12   beneficiary.  Instead, it might at most make her eligible for designation as a beneficiary.

13         Further, contrary to Plaintiff's contentions, Kaiser did not abandon this argument in its

14   administrative rationale for denial.  As detailed in the Appeals Decision Letter, the Administrative

15   Subcommittee considered Plaintiff's argument that she is entitled to a distribution from the Plan

16   because she is an "eligible designated beneficiary" under Code § 401(a)(9)(E)(ii) and rejected this

17   argument; it explained that Code § 401(a)(9)(H) which refers to "eligible designated beneficiary"

18   does not apply to defined benefit plans pursuant to Code § 401(a)(9)(H)(vi).  Kang Decl. ¶ 4, Ex. 2

19   (ECF 31-2) at Kaiser_DB_LYX_001805-6.

20         The Court therefore **DISMISSES** Plaintiff's second cause of action, which asks the Court

21   to construe the Plan under Title 26 U.S.C. § 401(a)(9)(E) to award Ya-Xia's benefits to Plaintiff.

22   Plaintiff fails to establish that Code § 401(a)(9)(E) applies here.

23         **C.     Breach Of Fiduciary Duty Under ERISA § 502(a)(3)**

24         Kaiser argues that Plaintiff's third claim for relief under ERISA § 502(a)(3) (29 U.S.C.

25   § 1132(a)(3)), fails because there was no breach of fiduciary duty and the claim arises from the

26   same alleged conduct as her claims for benefits in Claims 1 and 2 – denial of Plaintiff's claim for

27   benefits under the terms of the Plan.  The Court considers the viability of the third claim in general

28   before turning to Plaintiff's requests for equitable relief via surcharge and reformation.

**1.      Section 502(a)(3) Claim – In General**

An ERISA § 502(a)(3) claim has two elements: (1) the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan; and (2) that the relief sought is appropriate equitable relief. *Warmenhoven v. NetApp, Inc.*, 13 F.4th 717, 725 (9th Cir. 2021). However, a Section 502(a)(3) claim that does not arise from a separate injury or does not seek a different remedy from a Section 502(a)(1)(B) claim for benefits is deemed duplicative and impermissible. *Moyle v. Liberty Mutual Retirement Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016), as amended on denial of reh'g and reh'g en banc (Aug. 18, 2016).

Here, Plaintiff's claim fails on at least two grounds. First, she fails to establish a violation of ERISA or the terms of the Plan – to the contrary, the record reveals that Kaiser appropriately complied with the terms of the Plan by enforcing its rules. Second, the relief Plaintiff seeks (reformation and surcharge) is essentially a distribution of Ya-Xia's benefits. *See* FAC at 22:6-12 (Plaintiff, in seeking surcharge, requests that she be made "whole" and for the "Plan Administrator [] to disgorge its inequitably retained money and pay [Plaintiff] an amount equal to the actuarial equivalent of the $676,980.77."); 22:1-5 (Plaintiff requests that the Plan be reformed to include her as a beneficiary so that the "Plan Administrator [is required] to pay [Plaintiff] benefits owed to her under THE PLAN as reformed."). Such duplicative relief does not arise from a separate injury. For these reasons alone, the Court must dismiss Plaintiff's third claim.

Plaintiff argues that the "tax gross-up" relief she seeks through her Section 502(a)(3) claim is distinct from the payment of Plan benefits she seeks through her Section 502(a)(1)(B) claim. Plaintiff relies heavily on *Clemens v. Centurylink*, 874 F.3d 1113 (9th Cir. 2017), to demonstrate that a "gross-up" can be an appropriate form of equitable relief. But *Clemens* does not support Plaintiff's claim here, as that case dealt with whether Title VII of the Civil Rights Act of 1964 (not ERISA) grants courts the authority to award back-pay "gross-ups" in employment discrimination cases. Indeed, Plaintiff cites no relevant ERISA authorities that demonstrate that a "tax gross-up" is appropriate equitable relief for a Section 502(a)(3) claim. Furthermore, the damages Plaintiff seeks are unrelated to back-pay or wages. Thus, Plaintiff's attempt to distinguish the type of

1  remedy she seeks does not alter the unavailability of her third cause of action for equitable relief

2  under ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)).

3          The analysis regarding this third cause of action could end here, but it additionally fails on

4  both the claimed bases for equitable relief, surcharge and reformation.

5                          **2.      Surcharge**

6          Surcharge, which is monetary compensation for a loss resulting from a breach of fiduciary

7  duty or to prevent unjust enrichment, is actionable only where a breach of a duty injures a plaintiff

8  and she can show "harm and causation." *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945,

9  957-58 (9th Cir. 2014).

10         Here, Plaintiff avers that Kaiser breached its fiduciary duty by denying her benefits, but for

11  the reasons discussed above, there was no breach of fiduciary duty – Kaiser adhered to the Plan's

12  terms in administering Plaintiff's claim and appeal, and thus no fiduciary breach occurred.

13  Plaintiff does not allege in the FAC that Kaiser was unjustly enriched.  Plaintiff is therefore not

14  entitled to surcharge.

15                          **3.      Reformation[4]**

16         In determining whether reformation is appropriate, the Court must assess whether the Plan

17  contains terms that either (i) arise from a mistake of fact or law and fail to reflect the drafter's

18  intent, or (ii) were induced by fraud, duress, or undue influence.  *Skinner v. Northrop Grumman*

19  *Ret. Plan B*, 673 F.3d 1162, 1166 (9th Cir. 2012).

20         The FAC is devoid of any allegations that the terms of the Plan were the product of a

21  mistake, or that a mutual mistake occurred as to the content or effect of the Plan's terms.  Plaintiff

22  also does not allege that there was any fraud.  The Plan clearly sets forth the requirements for

23  commencing the benefit process and the definition of designated beneficiary.  Plaintiff's cursory

24

25  _____

26  [4]  Plaintiff does not address reformation at all in her Opposition brief, thus, as noted by Kaiser, this
renders the claim abandoned.  *See Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669,
27  *6 n.2 (N.D. Cal. Mar. 10, 2010) (holding that plaintiff's failure to address in opposition brief
claims challenged in a motion to dismiss, an "abandonment of those claims") (citing *Jenkins v.*
28  *County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)).  Nevertheless, the Court addresses
the merits of the claim because it dismisses the FAC with prejudice.

United States District Court
Northern District of California

argument that Kaiser's interpretation of the Code in this regard was somehow "erroneous" falls well short of the standard necessary for reformation.

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss.  Because Plaintiff's claims fail as a matter of law and because Plaintiff acknowledged at the hearing that she could not allege any additional facts, the Court finds that further amendment would prove futile. Accordingly, the Court **DISMISSES the case WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: June 20, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**